Mr. Justice Colcock
delivered the opinion of the Court.
.As to the first ground, the Court are unanimously of opinion that a factor cannot pledge the goods of his principal for his own debt; and although it should be considered as a hard rult, and sometimes producing the most ínjú-7?oua effects on persons acting under the purest motives, *5 yet, the long train of decisions put it out of the power of the court to question the doctrine. As the judges of En-> gland say, u is vain sor us now to speculate on the suhjt ct.
The authorities referee) to by the counsel, ar, recognis-ed as law by the Court. But it is equally clear from the cases, that when a consignee acts within the scope of his authority, and. employs a sub-agent to carry that authority into execution, as by selling goods consigned to, him, or doing any other act within that authority, that such sub-agent has a lien on the goods, on which, he has made advances for the purposes of a sale. (7 Term. R. 355., George vs. Claggctt, 3 Espinasse, 182, 268. 4 Camp. 60, 349.)
In the case of Martini vs. Coles and others, (1 Maule & Selwyn, p. 147,) Lord Ellenborough says, <l the defer, dnnts therefore received the goods in order to sell them,, which makes the only distinction between this and the former case, vijz : ■ That here the possession of the defendants ¡was legal in the first instance. The defendants then being authorized to sell the goods, if they had advanced mo*-ney for any purposes ' connected with the sale, and for which brokers, in the ordinary course of disposing of goods, are accustomed ,to advance, they would have had a lien in respect of such advances ; but no claim of that sort is advanced.”
The question then is, whether this wag a pledge for a pre-existing debt, or one contracted at the time of the con* signment; or whether the money was pot advanced in the usual/mode of business, and for the purposes of effecting a sale? In the first place, I think there is such a marked difference between a pledge and a deposite for sale, that is would seem astonishing they should ever be panfoondecL /By a pledge, we understand not only a thing that may be-redeemed, but generally one that is intended to be redeemed. Now, when goods are deposited with orders to sell, such an idea as that of redemption can never enter the-mind; for the agent with whom they are deposited,Way, in the shortest space of time, alienate the right; and if he *6 be engaged in much business, and the articles saleable, often times does so. But it is said the authority to retain in England for advances made, is confined only to brokers. whose business is generally understood to be to effect sales, and who are legally authorized agents. If the principle be admitted because such agents in England are necessary, and are in consequence of their duties often times obliged to advance money, I would ask, why not under the same necessity, the same consequence with us ?' W; are a commercial people to a certain extent. A consignee may require the aid of a sub-agent here as well as in England, and why not that sub-agent be allowed here to retain for his advances made in the way of his business as well as in England. He performs the same duties, although perhaps not in the same manner ; he stands in the same relation to his principal in other respects, why not in the most important one ? The answer is, — ’because be is called vendue-master, and not broker. In this country, nothing is more common than for the same man to act in different characters - and rather than sacrifice principle to a name, we call him a broker. He is licensed by the public, and enters mío bond and security. His business is as well known here a;! that of any broker in England, and it is the same.
—^-for the motion.
King, contra
As it appears to the Court that the defendants came legally into the possession of the goods without .mv knowledge of any other claimant than the consignee ; — that they were deposited bona fide for sale, that they advum cd, as was usual, money on these goods, by paying the tjuties and a price to the consignee, McCoul, they are of option that the motion should be discharged. ‘ \
Justices Gantt, Huger, and Johnson, concurred*